**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Luther James BUSH, Jr.,**
**Defendant-Appellant**

**No. 16-40156**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 10/27/2016

John Richard Berry, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee

Luther James Bush, Jr., Pro Se

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Luther James Bush, Jr., appeals his 44–month prison sentence resulting from his guilty plea conviction for one count of transportation of an undocumented alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), (a)(1)(B)(ii). The district court enhanced Bush's sentence pursuant to U.S.S.G. § 2L1.1(b)(6) after it determined that Bush intentionally or recklessly created a substantial risk of death or serious bodily injury to the 16 aliens he was transporting. Bush contends that the facts

---

of his offense do not warrant the sentence enhancement.

We review a district court's interpretation of the Guidelines de novo and review its factual findings for clear error. *See United States v. Solis–Garcia*, 420 F.3d 511, 514 (5th Cir. 2005); *United States v. Cuyler*, 298 F.3d 387, 389 (5th Cir. 2002). The record reflects that Bush was transporting 16 persons in the sleeper compartment of the tractor-trailer, that the sleeper compartment was not designed to accommodate 16 persons, and that it did not have any safety restraints. As the commentary to § 2L1.1 gives "carrying substantially more passengers than the rated capacity of a motor vehicle" and "harboring persons in a crowded, dangerous, or inhumane condition" as examples of reckless conduct that would support a sentence enhancement under that Guideline, we perceive no error in Bush's sentence. *See* § 2L1.1, comment. (n.5).

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be